ITURRINO, DEMANDANTE Y APELADO, *v.* DE JESÚS, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre daños y perjuicios.

No. 2553.—Resuelto en julio 20, 1922.

INDEMNIZACIÓN—DAÑOS CAUSADOS A LA PROPIEDAD AJENA.—En una acción por daños causados a la finca del demandante por la entrada ilegal de un tercero, el demandante no está obligado a probar su título cuando la controversia la promueve el demandado y presenta éste su título, pues aunque exista conflicto, entre las partes en cuanto al derecho a la propiedad donde los daños se causaron, lo esencial es que el demandante esté en posesión al momento de la entrada ilegal, pues el eje de la controversia es el daño al derecho de posesión, siendo la acción para recobrarlo y no para decidir el título.

ID.—POSEEDOR ILEGAL—REMEDIO DEL SUPUESTO DUEÑO.—Si una persona se cree dueña de una finca de la cual otra está en posesión no puede entrar en ella y apoderarse de la misma sin ejercitar antes la acción judicial correspondiente para que su derecho sea declarado y prive de ella al poseedor ilegal, pues de acuerdo con el artículo 448 del Código Civil todo poseedor tiene derecho a que se le respete en su posesión.

ID.—APRECIACIÓN DE LAS PRUEBAS—CORTE DE ARBOLES Y DESTROZOS EN SIEMBRAS.—No es absoluta la regla de que los daños causados en propiedad ajena han de consistir en la pérdida del valor que tenga la finca, y cuando se reclaman daños por corte de un árbol y destrozos en siembras, como en este caso, puede reclamarse el valor de éstos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Sabater.*

Abogados del apelado: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La demanda tiene por objeto recobrar cierta cantidad de dinero por daños causados en una finca propiedad del demandante al introducirse en ella el demandado y cortar árboles y destruir siembras. No niega el demandado esos actos pero alega que la finca es de su propiedad y no del demandante. Celebrado el juicio la corte inferior dictó sentencia contra el demandado quien interpuso esta apelación.

Alega el apelante como primer motivo de su recurso que la corte inferior cometió error al condenar al demandado a pagar la indemnización que se reclama en la demanda, sin existir prueba de título previo o derecho por parte del demandante en la finca en controversia.

El argumento del apelante para sostener este alegado error es que si bien es cierto que en esta clase de acciones no debe discutirse el título de propiedad, si la controversia la promueve el demandado y presenta su título como en este caso, la acción está fracasada.

Aunque haya conflicto entre las partes respecto al derecho de propiedad de la tierra en que se causaron los daños la acción para recobrar éstos no es para decidir el título de propiedad a la finca porque basta al demandante alegar y probar su posesión para que tenga derecho a recobrar los daños causados en la finca por él poseída. Si una persona tiene la posesión de una finca y otra se cree dueña de ella su remedio no es meterse en la finca y apoderarse de ella sino ejercitar la acción judicial correspondiente para que sea declarado su derecho y se prive de ella al poseedor ilegal. El artículo 448 del Código Civil declara que todo poseedor tiene derecho a ser respetado en la posesión. En 26 R. C. L., pág. 955, se dice que en acciones por daños a la propiedad (*trespass*) es necesario que el demandante tenga la posesión de la tierra en el momento de la entrada ilegal, siendo esto así porque el eje de la controversia es el daño al derecho de posesión; que el título de dominio en el demandante no es necesario cuando la evidencia demuestra una posesión

de buena fe con aparente derecho; que la posesión real y exclusiva de bienes inmuebles es siempre suficiente para que una persona que está en posesión pueda ejercitar la acción por daños contra un tercero; y que aún la persona que adquirió la posesión ilegalmente puede ejercitar la acción por daños contra cualquiera que le perturbe en su posesión. En Greenleaf sobre Evidencia, sección 613, al referirse a la acción por daños a la posesión, se dice lo siguiente: "Aunque el derecho a la propiedad puede estar y a menudo está en controversia en esta acción, sin embargo, la característica de la acción es el daño causado a la posesión del demandante. La parte sustancial de la demanda es, por tanto, que el demandado violenta e ilegalmente causó daños a la propiedad de la cual está en posesión el demandante; y bajo la cuestión litigiosa general el demandante deberá probar, (1) que tenía la posesión de la propiedad cuando el daño fué causado, y que estaba legalmente en tal posesión en contraposición al demandado; y (2) que el daño fué realizado por el demandado usando de fuerza.

De acuerdo con las reglas precedentes y toda vez que el demandante probó en el juicio que estaba en posesión de la finca cuando el demandado entró en ella y cortó los árboles y realizó los demás actos que se le imputan, posesión que tiene desde 1900 por haber comprado la finca a su madre Francisca Vázquez quien la poseyó por muchos años, no podemos declarar que la corte inferior cometió el error que se le atribuye en el primer motivo del recurso, sin que esto quiera decir cuál de las partes es la verdadera dueña de la finca.

El otro motivo del recurso se funda en que la corte sentenciadora erró al apreciar que los daños ascienden a $515; y lo sostiene el apelante alegando que en una acción de esta clase los daños no consisten en el valor de los árboles cortados sino en la disminución del valor de la propiedad y que la cantidad de los daños reclamados es imaginaria y

fantástica porque se basan en casi el doble de la valoración de $300 que el demandante dió a la finca en un expediente de dominio que presentó para su tramitación en la corte inferior.

No siempre la indemnización por daños en propiedad ajena ha de consistir en la pérdida de valor que la finca haya tenido pues cuando se reclaman daños por corte de árboles puede reclamarse el valor de éstos. Sutherland sobre daños, edición tercera, vol. 4, págs. 2964, 2980, 2983 y 2993.

En este caso se reclamó el valor de un árbol cortado y aserrado, de varios cuartones y traviesas, de estacones y de varias fanegas de café y de fruto de palma real, así como por los destrozos ocasionados en siembras de café nuevo y creemos que pudo el demandado ser condenado a pagar el valor de esos objetos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la resolución de este caso.