Félix Feliciano Morales, demandante y apelante, *v.* Antonio Roig, Sucrs., S. en C. y Eulogia Guzmán Viuda de Roig, demandados y apelados.

Núm. 8037.—*Sometido:* Mayo 3, 1940. *Resuelto:* Mayo 8, 1940.

*Burset & Pérez Pimentel,* abogados del apelante; *F. González Fagundo,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El pleito que motivó este recurso tuvo por objeto la reclamación de los daños y perjuicios que alegó haber sufrido el demandante al destruirle los demandados ciertas plantas que tenía en un solar arrendado por él a José y Julia María Guzmán Pérez. De la prueba resulta que allá por el año 1934, José y Julia María Guzmán Pérez arrendaron al demandante cierto solar radicado en la ciudad de Humacao por el canon de $2 mensuales; que el demandante sembró en el inmueble plátanos, guineos, gandules, etc., pero no vivía en el solar, no existiendo en el mismo edificación alguna; que en el año 1935 los dueños de la finca la vendieron a la sociedad Antonio Roig, Sucesors, S. en C., por escritura número 72, de 26 de julio de 1935, ante el notario don Francisco González Fagundo, y que una vez otorgada la escritura, la sociedad demandada tomó posesión material del solar, construyendo en él poco después una casa, para lo cual tuvo necesidad de destruir las plantas de guineos y plátanos; que en ningún momento tuvo conocimiento la demandada que el demandante fuese dueño de dichas plantas, resultando de la prueba del demandante que éste se enteró que la sociedad demandada estaba destruyendo la plantación y construyendo en el solar sin que en ningún momento hiciera reclamación alguna en relación con sus alegados derechos; que después de construída la casa, la finca fué vendida por la sociedad a la codemandada Eulogia Guzmán viuda de Roig. Uno de los testigos de la demandada declaró que el demandante no estaba en posesión del solar en la fecha a que se refiere la demanda por haberlo entregado mucho antes a los arrendadores; pero esta cuestión de hecho no fué determinada en forma alguna por el juez sentenciador.

Con esta prueba y con la relativa al montante de los alegados daños, la corte inferior desestimó la demanda, sin imposición de costas.

Apeló el demandante y el único error que señala es el de que la sentencia es contraria a derecho y a la prueba.

 A nuestro juicio, son aplicables a este caso las disposiciones de los artículos 1357 y 1439 del Código Civil (edición 1930), que dicen así:

"Art. 1357. El vendedor deberá entregar la cosa vendida en el estado en que se hallaba al perfeccionarse el contrato.

"Todos los frutos pertenecerán al comprador desde el día en que se perfeccionó el contrato.

"Art. 1439. Con relación a terceros, no surtirán efecto los arrendamientos de bienes raíces que no se hallen debidamente inscritos en el registro de la propiedad."

No estando inscrito en el registro el contrato de arrendamiento, no pudo, de acuerdo con el artículo 1439 antes citado, surtir efecto alguno contra la sociedad, que indudablemente era un tercero, y como el 1357 le da derecho al comprador a recibir la cosa vendida en el estado en que se hallare al perfeccionarse el contrato y le reconoce además desde ese momento el derecho a los frutos, no teniendo la demandada conocimiento ni motivos para creer que tales plantas perteneciesen al demandante, quien como hemos visto ningún aviso dió a la demandada cuando ésta empezó a destruir lo sembrado a pesar de tener él conocimiento de ello, no vemos, en qué precepto legal puede él basar su causa de acción contra la sociedad.

Contra la otra demandada, ninguna prueba se presentó. Sólo resulta de los autos que ella compró la finca después de edificada la casa.

Si algún derecho tuviera el demandante en este caso, sería contra los vendedores, quienes no obstante el arrendamiento —si es que estaba vigente—vendieron la finca sin hacer reserva alguna a favor del arrendatario.

El caso de *Iturrino* v. *De Jesús,* 31 D.P.R. 75, no es aplicable. Allí se trataba de que el demandante estaba en posesión de la finca, alegando ser dueño de ella, y el demandado, que también alegaba título de dominio, penetró en ella y cortó ciertos árboles, realizando también otros actos que se le imputaron, todo ello sin el consentimiento del actual poseedor. Se dijo entonces:

"Si una persona tiene la posesión de una finca y otra se cree dueña de ella, su remedio no es meterse en la finca y apoderarse de ella, sino ejercitar la acción judicial correspondiente para que sea declarado su derecho y se prive de ella al poseedor ilegal. El artículo 448 del Código Civil declara que todo poseedor tiene derecho a ser respetado en la posesión."

En el caso de autos, como hemos visto, la sociedad demandada como compradora recibió la posesión de la finca, tanto la simbólica como la material, sin que encontrase inconveniente alguno por parte del demandante, que no vivía en la finca, ni indicó a la demandada en ningún momento anterior a la toma de posesión el derecho que él alegaba tener sobre el solar en controversia.

El artículo 279 del Código de Enjuiciamiento Civil tampoco es aplicable al presente caso, pues se refiere al corte de leña, maleza, árbol o madera, etc., dentro de una finca perteneciente a otra persona o en tierras o caminos públicos de una ciudad o pueblo, etc.

▉ Deseamos llamar la atención al hecho de que de acuerdo con la ley de costas vigente (art. 327, Código de Enjuiciamiento Civil), según fué enmendada en 1936 (Leyes de ese año, pág. 353, Ley núm. 69), no concede discreción alguna a la corte sentenciadora con respecto a la imposición de costas, siendo imperativo el imponerlas a la parte contra quien se dicte la sentencia; pero como en este caso la parte apelada no estableció recurso alguno contra ese pronunciamiento, nos abstenemos de hacer el que de otro modo hubiéramos hecho.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*